UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**SANDRA ZIMMERMAN,**

   Plaintiff,

v.                                  No. 4:22-CV-00985-P

**PERSOLVE RECOVERIES LLC,**

   Defendant.

# ORDER

On November 1, 2022, the parties received notice that "they must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of this case without prejudice or without further notice." ECF No. 3. Local Rule 83.10(a) requires the appearance of local counsel "where an attorney appearing in a case does not reside or maintain [their] principal office in this district." N.D. TEX. CIV. R. 83.10(a). A review of the record reveals, however, that Plaintiff has failed to comply with Local Rule 83.10(a) as Plaintiff's counsel resides in Denton, TX, which is not in this district.

"Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Maples*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

The Court thus **ORDERS** that this case is **DISMISSED without prejudice** per Rule 41(b) of the Federal Rules of Civil Procedure.[1]

---

[1] Should this dismissal without prejudice function as a dismissal with prejudice in this case, *see, e.g.*, *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992) (discussing instances where dismissal without prejudice functions as with prejudice, such as when a suit would be time-barred if plaintiff were forced to refile), Plaintiff

**SO ORDERED** this **13th day of January 2023**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

must notify the Court in a timely, appropriately argued, and supported motion for leave to proceed without local counsel.